IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY EDWARD OLIVER, | : | |
| *Petitioner*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| J. A. ECKARD ET AL., | : | No. 15-64 |
| *Respondents*. | : | |

# O R D E R

**AND NOW**, this 5th day of September, 2018, upon consideration of Petitioner Anthony Edward Oliver's Petition for Writ of *Habeas Corpus* (Doc. No. 1), and the Respondents' response thereto (Doc. No. 33), Petitioner's Reply (Doc. No. 40), U.S. Magistrate Judge David R. Strawbridge's Report & Recommendation (Doc. No. 45), Petitioner's Objections (Doc. No. 53), and the state court record, it is **ORDERED** that:

1. The Report & Recommendation (Doc. No. 45) is **APPROVED** and **ADOPTED**;

2. Petitioner's Objections are **OVERRULED**.[1]

---

[1] Petitioner objects to the Report and Recommendation, raising substantially the same arguments that he has raised in his prior filings in this matter. Magistrate Judge Strawbridge thoroughly addressed Petitioner's arguments and correctly concluded that none of them had merit. Mr. Oliver's petition for *habeas corpus* fails because it is time barred and he failed to exhaust remedies available at the state level.

For the purposes of the Report and Recommendation, Magistrate Judge Strawbridge accepts Mr. Oliver's contention that he only discovered the factual predicates for his claims on June 24, 2013. That is not to say, as Mr. Oliver contends, that Magistrate Judge Strawbridge "agreed with Petitioner" that June 24, 2013 was the earliest date Mr. Oliver could have discovered the facts that gave rise to his claims. Opp. to Rep. and Rec. at 6 (Doc. No. 53). Mr. Oliver provided no explanation as to what new facts led him to discover he now had a plausible claim for relief. Magistrate Judge Strawbridge gave Mr. Oliver the benefit of the doubt anyway because, even if the Court accepts that date as true, Mr. Oliver's petition for federal habeas relief is *still* time barred. Mr. Oliver did not file his petition for habeas corpus until December 29, 2014, well over a year after the alleged discovery of new facts in June 2013 and, thus, outside the statute of limitations period for filing such a petition. 28 U.S.C. § 2244(d).

Nor was the deadline to file a federal habeas petition statutorily tolled in this case because, as Mr. Oliver admits, he did not file a PCRA petition. Opp. to Rep. and Rec. at 3–4 (Doc. No. 53) ("Petitioner did not file a PCRA petition[.]"). Mr. Oliver is similarly not entitled to equitable tolling because he has not demonstrated extraordinary circumstances as to why his petition for habeas corpus

3. The Petition is **DISMISSED** with prejudice.

4. There is no probable cause to issue a certificate of appealability.[2]

5. The Clerk of Court shall mark this case **CLOSED** for all purposes, including statistics.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

was delayed. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted) (stating that a petitioner is entitled to equitable tolling if "he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.").

Mr. Oliver's claims are additionally barred because he failed to exhaust administrative remedies under state law. He argues that he exhausted administrative remedies by utilizing the "state court appellate process when he filed a Motion Challenging Validity of Plea." Opp. to Rep. and Rec. at 10 (Doc. No. 53). Mr. Oliver believes that Magistrate Judge Strawbridge could not have properly analyzed the claim because he did not have a copy of the Motion Challenging Validity of Plea. However, Magistrate Judge Strawbridge specifically addressed this filing. He stated:

> We recognize that, upon allegedly discovering the facts supporting his claims on June 24, 2013, he attempted to seek relief in state court by filing in the Court of Common Pleas a motion to withdraw his guilty plea and filing in the Superior Court a petition for appeal nunc pro tunc. However, those filings *were not timely under state law* and he thus failed to undertake a 'complete round' of Pennsylvania's appellate review process to satisfy the exhaustion requirement.

Rep. and Rec. at 12–13 (Doc. No. 45) (emphasis added). Nor did Mr. Oliver pursue his claim under the PCRA even though the state court advised him to do so. Opp. to Rep. and Rec. at 3 (Doc. No. 53). Mr. Oliver's "suggestion that the PCRA process was inappropriate for the claims he brings presently is unfounded." Rep. and Rec. at 14 (Doc. No. 45).

Therefore, for the reasons ably outlined by Magistrate Judge Strawbridge in his Report and Recommendation, the Petition must be denied.

[2] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). There is no probable cause to issue a certificate in this action.